IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| GET LOUD ARKANSAS; VOTE.ORG; NIKKI PASTOR; and TRINITY "BLAKE" LOPER<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>JOHN THRUSTON; SHARON BROOKS; JAMIE CLEMMER; BILENDA HARRIS-RITTER; WILLIAM LUTHER; JAMES HARMON SMITH, III; and JOHNATHAN WILLIAMS, in their official capacity as Commissioners of the Arkansas State Board of Election Commissioners; BETSY HARRELL, in her official capacity as Benton County Clerk; BECKY LEWALLEN, in her official capacity as Washington County Clerk; and TERRI HOLLINGSWORTH, in her official capacity as Pulaski County Clerk,<br><br>　　　　　　　Defendants, | Civil Action<br><br>Case No. 5:24-cv-05121-TLB<br><br>**MOTION TO DISMISS TERRI HOLLINGSWORTH AS A DEFENDANT** |

MOTION TO DISMISS AND INCORPORATED BRIEF

　　Comes now the Defendant, Terri Hollingsworth, in her official capacity as Pulaski County Clerk, by and through her counsel, the Pulaski County Attorney's Office, and for her Motion to Dismiss and Incorporated Brief states the following:

MOTION

　1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Terri Hollingsworth (hereafter referred to as "Defendant Hollingsworth"), moves to be dismissed from this case.

2. Pleading affirmatively, Plaintiffs have stated no facts which show that Defendant Hollingsworth denied the Plaintiffs or any other qualified electorate the right to register to vote pursuant to the emergency rule (wet signature rule) adopted by the State Board of Election Commissioners (hereafter referred to as "SBEC").

3. Plaintiffs have pled facts which allege that Plaintiff Nikki Pastor was denied the right to register to vote presumably by Defendant Becky Lewallen because of the wet signature rule. Plaintiffs have also pled facts which show Plaintiff Trinity "Blake" Loper was denied the right to register to vote by the Pope County Clerk (not a party to this action) because of the wet signature rule. No such facts have been lodged against Defendant Hollingsworth.

4. Beyond naming Defendant Hollingsworth as a party and summarizing her duties under Amendment 51 to the Arkansas Constitution on page eight (8) of the Complaint, Plaintiffs state no specific cause of action against Hollingsworth.

5. In their Prayer for Relief, Plaintiffs ask that the Defendants be enjoined from enforcing the wet signature rule and rejecting any voter registration application on the basis of an electronic or digital signature. However, Defendants Hollingworth, Harrell, and Lewallen are not the only county clerks that are subject to the rules passed by the SBEC.

6. Section 1401 of the wet signature rules requires all permanent registrars, also known as county clerks, to comply with the wet signature rule. There are seventy-five county clerks in Arkansas.

7. Unless the Plaintiffs can allege a factual basis for a claim against Defendant Hollingsworth, she should be dismissed from this case.

BRIEF

Standard for Dismissal

    The Supreme Court established the pleading standard for civil cases and delineated the approach to be used when deciding motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] After a claim's necessary elements are identified, the court must separate the factual claims from the legal conclusion.[2] While "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[3] If there are well pleaded factual allegations, a court must assume their truthfulness and determine if they plausibly give rise to relief.[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] This standard is referred to as the "plausibility standard" and asks for more than a sheer possibility that a defendant acted unlawfully.[6] Factual allegations must support a right to relief that is above speculative.[7] Put concisely, the Court must determine "whether, based on the facts as alleged, which are taken as true, and disregarding legal contentions and conclusory assertions, the complaint states a claim for relief that is plausible on its face in light of the claims necessary elements."[8]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
[2] *Id*. at 556 U.S. 679, 129 S. Ct. 1937.
[3] *Id*.
[4] *Id*.
[5] *Id*. at 556 U.S. 678, 129 S. Ct. 1937.
[6] *Id*.
[7] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).
[8] *4431, Inc. v. Cincinnati Ins. Companies*, 504 F. Supp. 3d 368, 381 (E.D. Pa. 2020) (citing, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Ashford v. Francisco*, No. 1:19-CV-1365, 2019 WL 4318818, at *2 (M.D. Pa. Sept. 12, 2019).

Procedural and Factual History

On June 5, 2024, the Plaintiffs GET LOUD ARKANSAS, VOTE.ORG, Nikki Pastor, and Trinity "Blake" Loper filed a complaint for declaratory judgment against several members of the Arkansas State Board of Election Commissioner (hereafter referred to as "SBEC") and three county clerks including Terri Hollingsworth, in her official capacity as the Pulaski County Clerk. The complaint generally alleges that the SBEC issued an emergency rule prohibiting the use of digital or electronic signatures on voter registration applications except in instances where the application is received at an authorized voter registration agency, such as the Office of Driver Services. Plaintiffs assert that the wet signature rule violates the Civil Rights Act of 1964 and asks that the Defendants be enjoined from enforcing it.

In addition to prohibiting digital or electronic signatures, the emergency rule forbids permanent registrars, also known as county clerks, from accepting voter registration applications that bear a digital or electronic signature. Essentially, the SBEC has defined the "Signature or Mark" requirement in Section 6(a)(1) and (a)(3)(F) of Amendment 51 to the Arkansas Constitution to mean a wet signature, created with a writing device that physically marks the application. Any other means used to attach a signature or mark to an application, except for those methods used by authorized agencies, is prohibited and grounds for rejecting an application.

Defendant Hollingsworth was served with the Complaint and summons on June 11, 2024. She is among two other county clerks that have been added to this litigation; namely Benton County Clerk, Betsy Harrel, and Washington County Clerk, Becky Lewallen. The Complaint alleges specific allegations against Defendant Lewallen, stating that Plaintiff Nikki Pastor attempted to register to vote and her application was rejected presumably as a result of Defendant Lewallen's enforcement of the wet signature rule. Likewise, the complaint alleges that Plaintiff

Loper was denied the right to register to vote presumably because of the Pope County Clerk's enforcement of the wet signature rule. However, the Pope County Clerk, Pam Ennis, is not a part of this litigation. No allegations, such as those lodged by Plaintiffs Pastor and Loper, have been pled against Defendant Hollingsworth. The complaint simply states that she is being sued in her official capacity as a permanent registrar.

Argument

    **I.    The Plaintiffs have failed to plead any facts against Defendant Hollingsworth that give rise to a right of relief.**

Unlike the allegations against Defendant Lewallen, the Complaint does not allege that Defendant Hollingsworth rejected the application of a qualified electorate on the basis of the wet signature rule. Nor has it been shown that Defendant Hollingsworth intends to comply with the wet signature rule. Plaintiffs have not shown why they are entitled to or why it is even necessary to enjoin Defendant Hollingsworth.

There is a two-step process for determining whether a complaint has sufficiently stated a claim for relief that is plausible on its face.[9] First, a court must separate factual allegations from legal conclusions.[10] Next, the court must determine whether facts have been shown which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[11] To satisfy this step there must be more than a sheer possibility that a defendant acted unlawfully.[12]

Here, the Plaintiffs have not alleged any specific acts of misconduct or wrongdoing on the part of Defendant Hollingsworth. Defendant can only assume that the Plaintiffs are concerned that

---

[9] *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Cardigan Mountain Sch. v. New Hampshire Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)).
[10] *Morales-Cruz v. University of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).
[11] *Id.* at  676 F.3d at 224 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937).
[12] *Saldivar v. Racine*, 818 F.3d 8 (1st Cir. 2016) (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937)

at some point in the future Defendant Hollingworth may comply with the wet signature rule. Unfortunately, this concern, without more, is not a sufficient basis to name Terri Hollingsworth as a Defendant in this case. Requesting relief on the belief that misconduct may happen in the future is speculative and insufficient to withstand a motion to dismiss.[13]

## II.     Defendant Hollingsworth is not a necessary party to this litigation.

Defendant Hollingsworth is not a necessary or required party to this action because complete relief can be accorded by this Court in her absence, and she does not claim an interest in this litigation. Pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure, a party is required to be joined to an action if one of the following is true: 1. In that person's absence, the court cannot complete relief among the existing parties, and 2. That person claims an interest in the action and is so situated that their absence may imped their ability to protect their interest or leave an existing party with the risk of incurring double, multiple, or otherwise inconsistent obligations.

Here, Defendant Hollingsworth does not claim an interest in this litigation and her absence creates no risk of incurring multiple or inconsistent obligations to the other parties. Defendant Hollingsworth is also not necessary because complete relief can be achieved in her absence. Plaintiffs seek to enjoin the enforcement of the wet signature rule. With just the Secretary of State and the State Board of Election Commissioners (SBEC) joined to this action, Plaintiffs have all they need to obtain relief. A ruling by this Court to enjoin the SBEC from enforcing the wet signature rule will by extension affect all seventy-five (75) counter clerks/permanent registrars.

The Supreme Court of Arkansas has found that county clerks are not always necessary in an action.[14] In *Martin v. Kohls*, the Arkansas Secretary of State and several members of the

---

[13] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).
[14] Martin v. Kohls, 2014 Ark. 427, 9, 444 S.W.3d 844, 849-50 (2014).

Arkansas State Board of Election Commissioners appealed an order from the circuit court declaring Act 595 of 2013 unconstitutional and enjoining them from enforcing the proof-of-identity provision in the Act.[15] One of the points raised on appeal was that the Appellees failed to name the county clerks and county election commissioners to the action; arguing that they were necessary parties for the circuit court to grant declaratory relief.[16] Appellees argued the Secretary of State and the Arkansas Board of Election Commissioners were the only parties needed for relief.[17] The Arkansas Supreme Court agreed finding that "[…] Appellees properly named the necessary parties, Secretary of State Mark Martin and the individual Arkansas State Board of Election Commissioners, who, in their positions of authority, train and direct the county clerks and the county election commissioners across this state."[18]

Similar to the case of *Martin v. Kohls*, the Arkansas Secretary of State and the members of the State Board of Election Commissioners have been named to this litigation. Under their authority, they train and direct county clerks/permanent registrars on voter registration laws.[19] By naming them to this action, Plaintiffs, like the Appellees in *Martin v. Kohls*, have all they need to ensure complete relief. Defendant Hollingsworth is not necessary for this action and should be dismissed from it.

Conclusion and Request for Relief

Plaintiffs have failed to state a claim against Defendant Hollingsworth which shows they are entitled to the relief they seek. Defendant's position as county clerk/permanent registrar is the only reason she was added to this action. There are 72 other counter clerks/permanent registrars

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] A.C.A. § 7-4-101(f)(5)

who are in the same boat as Defendant Hollingsworth and their names have not been added to this litigation. Furthermore, Defendant Hollingsworth is not a required party because complete relief can be accorded in her absence.

      WHEREFORE, Defendant Hollingsworth prays that this Court dismiss the Complaint as it applies to her, and for all other just and equitable relief to which it may be entitled.

                                      Respectfully submitted,
                                      PULASKI COUNTY ATTORNEY'S OFFICE
                                      201 South Broadway, Suite 400
                                      Little Rock, Arkansas 72201
                                      (Phone) 501-340-8285
                                      (Fascimile) 501-340-8282
                                      (Email) dlane@pulaskicounty.net


                                      By: <u>Dominique Lane</u>
                                      ADAM FOGLEMAN, Ark Bar # 2009234
                                      Pulaski County Attorney
                                      HAMILTON KEMP, Ark Bar # 2008283
                                      Deputy Chief County Attorney
                                      DOMINIQUE LANE, Ark. Bar # 2019177
                                      Deputy County Attorney
                                      JENNIFER LINK, Ark. Bar # 2017173
                                      Deputy County Attorney

CERTIFICATE OF SERVICE

  I, the undersigned, do hereby certify that on this date, I have delivered a true copy of the above pleading to the parties listed below by providing a copy through the Court's e-filing system pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| **Shults Law Firm LLP** | **Elias Law Group LLP** |
| Peter Shults (Ark. 2019021) | Usoma N. Nkwonta (DC 975323) |
| Amanda G. Orcutt (Ark. 2019102) | Christopher D. Dodge (DC 90011587) |
| Steven Shults (Ark. 78139) | Omeed Alerasool (DC 90006578) |
| 200 West Capitol Ave., Suite 1600 | Julie Zuckerbrod (DC 1781133) |
| Little Rock, AR 72201 | 250 Massachusetts Av. NW Suite 400 |
| T: (501) 375-2301 | Washington, DC 20001 |
| F: (501) 375-6861 | T: (202) 968-4490 |
| pshults@shultslaw.com | F: (202) 968-4498 |
| aorcutt@shultslaw.com | unkwonta@elias.law |
| sshults@shultslaw.com | cdodge@elias.law |
| | oalerasool@elias.law |
| | jzuckerbrod@elias.law |

      *Attorneys for the Plaintiffs*

          /s/ Dominique Lane
          Dominique Lane

          Date: July 2, 2024