IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| GET LOUD ARKANSAS; VOTE.ORG; NIKKI PASTOR; and TRINITY "BLAKE" LOPER, | | PLAINTIFFS |
| vs. | CASE NO. 5:24-CV-05121-TLB | |
| JOHN THURSTON; SHARON BROOKS; JAMIE CLEMMER; BILENDA HARRIS-RITTER; WILLIAM LUTHER; JAMES HARMON SMITH, III; and JOHNATHAN WILLIAMS, in their official capacities as Commissioners of the Arkansas State Board of Election Commissioners; BETSY HARRELL, in her official capacity as Benton County Clerk; BECKY LEWALLEN, in her official capacity as Washington County Clerk; and TERRI HOLLINGSWORTH, in her official capacity as Pulaski County Clerk, | | DEFENDANTS |

## ANSWER OF DEFENDANTS

Comes the Defendants, John Thurston; Sharon Brooks; Jamie Clemmer; Bilenda Harris-Ritter; William Luther; James Harmon Smith, III; and Johnathan Williams, in their official capacities as Commissioners of the Arkansas State Board of Election Commissioners; Betsy Harrell, in her official capacity as Benton County Clerk; Becky Lewallen, in her official capacity as Washington County Clerk; and Terri Hollingsworth, in her official capacity as Pulaski County Clerk, by their attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for their Answer for Declaratory and Injunctive Relief state the following:

1. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint. Therefore, those allegations are denied. Defendants have complied with state and federal laws at all times relevant hereto.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint. Defendants performed their duties in compliance with the laws of the state of Arkansas.

3. Defendants deny any allegations that may be contained in paragraph 3 of the Complaint. Defendants state that all rules adopted by the Defendants apply to all citizens of the state of Arkansas in a fair and non-discriminatory manner.

4. Defendants deny any allegations that may be contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint. Defendants deny that any Plaintiff was discriminated against under state or federal law.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny that they have deprived the Plaintiffs or any other persons of their rights under state or federal law. Defendants deny that they have violated any state or federal laws. Defendants deny that this Court has jurisdiction over these factual allegations and legal issues raised by the Plaintiffs in their Complaint.

8. Defendants Deny that this Court has the authority to grant declaratory relief pursuant to state or federal law.

9. Defendants deny that this Court has personal jurisdiction over the Defendants.

10. Defendants deny that they have violated any state or federal laws and deny that venue is proper in this Court.

11. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint. Therefore, those allegations are denied.

12. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint. Therefore, those allegations are denied.

13. Defendants admit that an emergency rule was properly adopted pursuant to the laws of the state of Arkansas by the State Board of Election Commissioners that required a person seeking to register to vote through a third-party voter registration organization would have to submit a handwritten wet signature on any application to register. The Defendants' actions in passing the emergency rule were done in accordance with Arkansas law and are fair and nondiscriminatory to any person.

14. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint. Therefore, those allegations are denied.

15. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint. Therefore, those allegations are denied.

16. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint. Therefore, those allegations are denied.

17. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint. Therefore, those allegations are denied.

18. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint. Therefore, those allegations are denied.

19. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint. Therefore, those allegations are denied.

20. Defendants admit that the Plaintiffs have correctly listed the members of the State Board of Election Commissioners. Defendants deny that the Defendants have violated any state or federal laws and state that Defendants have acted in a fair and unbiased manner in dealing with the citizens of the state of Arkansas.

21. Defendants admit that Plaintiffs have correctly identified the county clerks of Benton, Washington, and Pulaski counties. Defendants followed applicable state and federal laws at all times when dealing with the Plaintiffs and all other persons attempting to register to vote in the state of Arkansas.

22. The Arkansas Constitution speaks for itself, in particular Amendment 51 §5(e) which directs The State Board of Election Commissioners to prescribe, adopt, publish, and distribute "such Rules and Regulations supplementary to this amendment and consistent with this amendment and other laws of Arkansas as are necessary to secure uniform and efficient procedures in the administration of this amendment throughout the State." Defendants have followed all applicable state and federal laws when dealing with the Plaintiffs or with any other persons seeking to register to vote under Arkansas law. Defendants deny that they have violated any state or federal law.

23. Defendants admit that Amendment 51 and other Arkansas laws and rules provide the details for voter eligibility and registration in Arkansas. Defendants have fully complied with the provisions of Amendment 51 and all other applicable state laws, rules, and procedures.

24. Defendants deny that they have violated Amendment 51 or any other provisions of Arkansas law.

25. Defendants admit, pursuant to Amendment 51 § 5(b)(2) The Office of Driver Services and State Revenue Offices shall use a computer process in providing voter registration

opportunities. Defendants admit that pursuant to Amendment 51 §5(b)(3) & (4) public assistance agencies and disabilities agencies may use a computer process in providing voter registration opportunities. However, no such directive or authority for use of a computer process is authorized by Amendment 51 for the other voter registration agencies, public libraries or the Arkansas National Guard. Defendants deny that they have violated Amendment 51 or any other provisions of Arkansas law.

26. Amendment 51 speaks for itself and is very clear as to what voter registration agencies shall or may make use of a computer process in providing voter registration opportunities. Defendants deny that they have violated Amendment 51 or any other provisions of Arkansas law.

27. Amendment 51 speaks for itself and makes clear that a voter registration application is not complete until signed by the applicant. Defendants deny that they have violated Amendment 51 or any other provisions of Arkansas law.

28. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint. Therefore, those allegations are denied.

29. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint. Therefore, those allegations are denied.

30. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint. Therefore, those allegations are denied.

31. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint. Therefore, those allegations are denied. Defendants deny that they have discriminated against any person and deny that they have violated any state or federal law.

32. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint. Therefore, those allegations are denied.

33. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint. Therefore, those allegations are denied.

34. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint. Therefore, those allegations are denied.

35. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint. Therefore, those allegations are denied.

36. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint. Therefore, those allegations are denied. The Plaintiffs' process for registering to vote does not comply with the Arkansas Constitution, Amendment 51, or the rules of the Defendants, Arkansas State Board of Election Commissioners.

37. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint. Therefore, those allegations are denied.

38. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint. Therefore, those allegations are denied.

39. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint. Therefore, those allegations are denied.

40. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint. Therefore, those allegations are denied.

41. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint. Therefore, those allegations are denied.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint. Therefore, those allegations are denied.

44. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint. Therefore, those allegations are denied.

45. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint. Therefore, those allegations are denied.

46. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint. Therefore, those allegations are denied.

47. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint. Therefore, those allegations are denied.

48. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint. Therefore, those allegations are denied.

49. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint. Therefore, those allegations are denied.

50. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint. Therefore, those allegations are denied. Defendants admit that the Arkansas Secretary of State wrote a letter to all county clerks on or about February 28, 2024. The contents of that letter speak for itself, and to the extent paragraph 50 of the Complaint is inconsistent with the Secretary of State's letter, those allegations are denied.

51. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint. Therefore, those allegations are denied.

52. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint. Therefore, those allegations are denied.

53. Defendants admit that prior to the Defendants' adoption of the 2024 Emergency Rule, some county clerks rejected electronic signatures while others continued to accept such applications. This disparity in treatment by county clerks was the rationale for the adoption of the 2024 Emergency Rule. Defendants are directed by Amendment 51 to adopt such rules as are necessary for the uniform administration of the registration process. Defendants deny that they have violated any provisions of Arkansas law in adopting the 2024 Emergency Rule.

54. Defendants admit the allegations contained in paragraph 54 of the Complaint. The Secretary of State asked the Attorney General for an opinion regarding electronic signatures on voter registration applications. The request by the Secretary of State to the Attorney General speaks for itself.

55. Defendants admit the Attorney General issued an opinion in response to the Secretary of State's request. However, Defendants state that Attorney General opinions are not binding on any court nor does the law require state officials to follow opinions of an Attorney General that are clearly incorrect under the law and rules of the state of Arkansas. Defendants further deny that the Plaintiff's interpretation of the Arkansas Attorney General's Opinion is correct.

56. Defendants admit it asked its staff to prepare an emergency rule addressing the issue of electronic signatures on voter registration applications. Defendants deny all further allegations contained in paragraph 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are admitted. Defendants followed Arkansas law and acting under their statutory and constitutional authority adopted the 2024 Emergency Rule requiring handwritten wet signatures on applications to register to vote.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint. The emergency rule was adopted in a proper manner acting under Defendants' statutory and constitutional directive in compliance with state and federal law.

59. The Defendants emergency rule speaks for itself and to the extent paragraph 59 of the Complaint misquotes the emergency rule or misinterprets Amendment 51, those allegations are denied.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint to the extent plaintiffs misinterpret Amendment 51 or allege the Emergency Rule added any further requirement not contained in Amendment 51. The emergency rule adopted by the Defendants complies with Arkansas law and further insures the uniform administration of the voter registration process throughout the State.

61. Defendants admit the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint. Specifically, plaintiff Pastor's registration application was rejected by the Washington County Clerk prior to the adoption of the Emergency Rule.   Any alleged rejection by the Pope County Clerk of a request to transfer Plaintiff Loper's voter registration took place prior to May 4, 2024, the effective date of Defendant's Emergency Rule.

63. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 63 of the Complaint. Therefore, those allegations are denied.

64. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 64 of the Complaint. Therefore, those allegations are denied.

65. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint. Therefore, those allegations are denied.  However,

Defendants state any alleged rejection of plaintiff Pastor's voter registration application by the Washington County Clerk took place prior to May 4, 2024, the effective date of the Defendants' Emergency Rule, and thus the Rule could not have been the basis for the rejection.

66. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint. Therefore, those allegations are denied.

67. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint. Therefore, those allegations are denied.

68. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 68 of the Complaint. Therefore, those allegations are denied. . However, Defendants state any alleged rejection of plaintiff Loper's transfer of that voter registration application by the Pope County Clerk took place prior to May 4, 2024. The Rule could not have been the basis for the rejection.

69. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 69 of the Complaint. Therefore those allegations are denied. However, Defendants state any alleged rejection of plaintiff Loper's transfer of that voter registration application by the Pope County Clerk took place prior to May 4, 2024. The Rule could not have been the basis for the rejection.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 71 of the Complaint. Therefore, those allegations are denied. However, Defendants state any alleged voter registration applications collected by plaintiff GLA and rejected by the Ouachita County Clerk took place well prior to May 4, 2024, the effective date of the Defendant's Emergency Rule, thus could not have been the basis for any rejections prior.

72. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 72 of the Complaint. Therefore, those allegations are denied. However, Defendants state any and all cancellations of registrations are governed by Amendment 51 §11.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants admit the allegations contained in the first sentence of paragraph 74. The stated situation was in fact the rationale for Defendant's adoption of the Emergency Rule. The rest of the allegations contained in paragraph 74, Defendants do not possess sufficient information to admit or deny the allegations. Therefore, those allegations are denied.

75. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint. Therefore, those allegations are denied.

76. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint. Therefore, those allegations are denied.

77. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 77 of the Complaint. Therefore, those allegations are denied.

78. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 78 of the Complaint. Therefore, those allegations are denied.

79. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 79 of the Complaint. Therefore, those allegations are denied.

80. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 80 of the Complaint. Therefore, those allegations are denied.

81. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 81 of the Complaint. Therefore, those allegations are denied.

82. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 82 of the Complaint. Therefore, those allegations are denied.

83. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 83 of the Complaint. Therefore, those allegations are denied.

84. Defendants do not possess sufficient information to admit or deny the allegations contained in paragraph 84 of the Complaint. Therefore, those allegations are denied.

85. Paragraph 85 of the Complaint attempts to incorporate paragraphs 1-84. Defendants have fully answered Plaintiffs' Complaint paragraphs 1-84 and no further response is necessary.

86. Defendants deny that they have violated 52 U.S.C. 10101(a)(2)(B) or any other provision of state or federal law.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint. Defendants deny that any Plaintiffs were discriminated against under state or federal law.

88. Defendants admit the allegations contained in paragraph 88 of the Complaint. However, Plaintiffs fail to cite the remaining provisions of Arkansas law applicable to voting in Arkansas. Defendants deny that they have violated any provisions of state or federal law.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny specifically and separately each and every material allegation contained in the Plaintiff's Complaint not specifically admitted in Defendants' Answer.

**AFFIRMATIVE DEFENSES**

93. Defendant states affirmatively that the Plaintiff's claims are barred by the doctrine of sovereign immunity.

94. Defendants state affirmatively that they complied with all state and federal laws when they adopted the emergency rule requiring a wet signature.

95. Defendants state affirmatively that the Plaintiffs have not stated facts sufficient to state a cause of action under state or federal law. Defendants have only alleged facts based on hearsay and speculation in their Complaint.

96. Defendants state affirmatively that the materiality provision of 52 U.S.C. § 1010(a)(2)(B) does not apply to private litigants and is reserved to the authority of the Attorney General of the United States pursuant to 52 U.S.C. § 1010(c).

97. Defendants state affirmatively that the Plaintiffs have failed to name all necessary parties, and that the Plaintiffs' Complaint should be dismissed.

WHEREFORE, Defendants pray that the Plaintiff's Complaint be dismissed with prejudice, for its costs and expenses, and for all further and proper relief to which it may be entitled.

Respectfully submitted.

Defendants,

_____
Byron Freeland  (AR Bar No. 72039)
Cara D. Butler (AR Bar 2019182)
Graham Talley (Ark. Bar No. 2015159)
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 W. Capitol Ave., Suite 1800
Little Rock, AR  72201
Phone (501) 688-8800
Fax (501) 688-8807
bfreeland@mwlaw.com
ahamilton@mwlaw.com

CERTIFICATE OF SERVICE

   I hereby certify that on July 3, 2024, I forwarded via email and mail a copy of Defendants Answers to Plaintiffs Complaint to Plaintiffs attorneys to the following address:

Signed: _____

**Shults Law Firm LLP**
Peter Shults (Ark. 2019021)
Amanda G. Orcutt (Ark. 2019102)
Steven Shults (Ark. 78139)
200 West Capitol Ave., Suite 1600
Little Rock, AR 72201
T: (501) 375-2301
F: (501) 375-6861
pshults@shultslaw.com
aorcutt@shultslaw.com
sshults@shultslaw.com

**Elias Law Group**
Uzoma N. Nkwonta* (DC 975323)
Christopher D. Dodge* (DC 90011587)
Omeed Alerasool* (DC 90006578)
Julie Zuckerbrod* (DC 1781133)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
Unkwonta@elias.law
cdodge@elias.law
oalerasool@elias.law
jzuckerbrod@elias.law

14