# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| GET LOUD ARKANSAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN THURSTON, et al., <br><br> Defendants. | Civil Action <br><br> Case No. 5:24-cv-05121-TLB |

## JOINT RULE 26(F) REPORT

The Court is scheduled to conduct a Case Management Hearing on **August 29, 2024, at 1:30 PM CT**. Pursuant to the Court's Initial Scheduling Order, ECF No. 43, the parties in the above-captioned matter conferred on the proposed discovery plan in this case at 1:00 PM CT on July 25, 2024, and jointly submit the following Rule 26(f) Report:

**1.     Plaintiff's Statement of the Case.**

Plaintiffs Get Loud Arkansas ("GLA"), Vote.org ("VDO"), Nikki Pastor, and Blake Loper brought this lawsuit against the individual members of the Arkansas State Board of Election Commissioners ("SBEC"), as well as the county clerks of Arkansas's three largest counties—Benton, Pulaski, and Washington Counties—after the SBEC issued an emergency rule prohibiting the use of electronic signatures on mail voter registration applications. Plaintiffs allege that the Defendants' refusal to accept mail voter registration applications completed with electronic signatures, including through enforcement of the wet signature rule, violates the materiality provision of the Civil Rights Act of 1964, because whether an applicant signs with a "wet signature" is immaterial in determining whether that person is qualified to vote under Arkansas law.

Plaintiffs filed their Complaint on June 5, 2024, and seek declaratory and injunctive relief against enforcement of the wet signature rule and any similar requirement that results in the rejection of mail voter registration applications for use of an electronic signature. ECF No. 2. Plaintiffs also filed a Motion for Preliminary Injunction on July 11, 2024, seeking to immediately enjoin these unlawful acts. ECF No. 46. In the meantime, the SBEC has commenced the process of issuing a final rule that mirrors the text of the emergency rule and, if approved by the Arkansas Legislative Council, would take permanent effect in early September.

**2.     Defendants' Statements of the Case.**

**A.     SBEC Commissioners Thurston, Brooks, Clemmer, Harris-Ritter, Luther, Smith, and Williams**

The Arkansas Constitution directs the SBEC to "prescribe, adopt, publish and distribute" the rules and regulations necessary to ensure all voters in our elections are legally qualified to do so. Pursuant to this constitutional charge, the SBEC adopted an emergency rule requiring that voter registration application forms in Arkansas be (1) "complete and legible"; (2) "executed with a Signature or Mark made by the voter registration applicant"; and (3) submitted to the permanent registrar by mail, delivered in-person by the voter, or . . . delivered by a Third-Party Registration Organization." Plaintiffs challenge the emergency rule's "Signature or Mark" requirement here.

As explained in SBEC's response to Plaintiffs' request for injunctive relief, the "Signature or Mark" requirement is "Material" and thus does not violate 52 U.S.C. § 10101(a)(2)(B). As the only federal court of appeals which has decided the issue to date has held, "an original signature advances voter integrity" and "makes such a signature a material requirement." *Vote.Org v. Callanen*, 89 F.4th 459, 489 (5th Cir. 2023). For this reason, and others, Plaintiffs are not entitled to the relief they seek.

### B. Benton County Clerk Harrell

In April of 2024, the Arkansas State Board of Election Commissioners ("SBEC") adopted a wet signature requirement that requires county clerks, the officials responsible for enforcing voter registration requirements in Arkansas, to reject any mail voter registration application that is signed electronically. As the Benton County Clerk, Betsy Harrell, in her official capacity, is required to enforce the SBEC's wet signature requirement. Until such time as the Court determines that validity or invalidity of the SBEC's wet signature requirement, the Benton County Clerk is unable to take any action contrary to the requirement. Additionally, the Benton County Clerk is not a proper party as set forth more specifically in the pending Motion to Dismiss and supporting brief. (ECF Nos. 39 and 40.)

### C. Pulaski County Clerk Hollingsworth

Plaintiffs, including Get Loud Arkansas ("GLA"), Vote.org ("VDO"), Nikki Pastor, and Blake Loper, have filed a lawsuit against the individual members of the Arkansas State Board of Election Commissioners ("SBEC") and the County Clerks of Benton, Pulaski, and Washington Counties. The lawsuit challenges an emergency rule issued by the SBEC that prohibits the use of electronic signatures on mail voter registration applications, commonly known as the "wet signature rule." The Plaintiffs filed their Complaint on June 5, 2024, arguing that the wet signature rule violates the materiality provision of the Civil Rights Act of 1964. Plaintiffs seek declaratory and injunctive relief to prevent the enforcement of this rule and any similar measures that would reject mail voter registration applications due to the use of electronic signatures. Additionally, the Plaintiffs have brought a specific claim against the Washington County Clerk for denying a voter registration application that included an electronic signature. However, the Complaint does not allege that the Pulaski and Benton County Clerks have denied any voter registration applications

on the basis of the wet signature rule. As a result, Defendants Hollingworth and Harrell have filed a Motion to Dismiss, citing Fed. R. Civ. P. 12(b)(6) and lack of standing.

### D. Washington County Clerk Lewallen

Plaintiffs bring this action challenging the requirement that voter registration in Arkansas contain an original "wet" signature. Defendant Becky Lewallen is sued in her official capacity as the County Clerk for Washington County, Arkansas. Defendant Lewallen contends that the original signature requirement is material in determining whether an individual is qualified to vote under state law. Defendant Lewallen denies any violation of state or federal law and denies that Plaintiffs are entitled to any relief from she or Washington County. Defendant Lewallen reserves the right to raise additional defenses that might become apparent through the development of this case.

**3. Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**

No.

**4. Are there any Objections to the timing of Rule 26(a) Initial Disclosures?**

No.

**5. Agreed Document Productions.**

As part of the required Initial Disclosures, the parties agreed to produce the following categories of documents:

- To be produced by SBEC Defendants: any documents and communications relied upon in preparing the emergency wet signature rule, including any administrative or rulemaking record associated with the rule.

- To be produced by Clerk Defendants: any documents regarding their policies or procedures for overseeing the voter registration process, including any policies or procedures related to the use of an applicant's signature on a voter registration application.

**6. Discovery.**

**6(a).** **How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

Six (6) months.

**6(b).** **Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules? If so, please explain.**

No.

**6(c).** **Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed.**

No.

**6(d).** **Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex. If your answer is "Complex," then please complete and attach Schedule A.**

Fairly simple and routine.

**6(e).** **Do you anticipate the use of Expert Witnesses at trial? If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant to Rule 26(a)(2).**

No. The parties do not currently anticipate the use of Expert Witnesses at trial but reserve the right to revisit such use if the need arises during discovery. In such an event, the parties will promptly notify this Court via stipulation or joint motion proposing initial rebuttal expert disclosure dates.

**6(f).** **Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

☐ No.

☐ Yes. The parties stipulate to entry of the Court's standard protective order.

☒ Yes. The parties stipulate to entry of a modified version of the Court's standard protective order.

**7.     State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

Four (4) days.

**8.     State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

Yes.

**9.     Settlement Prospects.**

Plaintiffs seek declaratory and injunctive relief that is opposed by, at minimum, the SBEC.

Accordingly, settlement is not probable.

**10.    Special Issues and Schedules.**

___    **Federal Jurisdiction is Disputed.**

___    **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.**

___    **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.).**

___    **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s).**

___    **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.**

___    **Complaint seeks recovery for personal injuries and/or wage loss.**

**11.    Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

Yes.

**12.    Magistrate Judge Jurisdiction. Have all counsel discussed with their clients and each other the option of consenting to Magistrate Judge jurisdiction? Answer "Yes" or "No."**

Yes, the parties have discussed this option with their clients and each other. The parties do not consent to Magistrate Judge jurisdiction.

Dated: August 9, 2024                                  Respectfully submitted,

                                                       */s/ Uzoma N. Nkwonta*

**SHULTS LAW FIRM LLP**                                **ELIAS LAW GROUP LLP**
Peter Shults (Ark. 2019021)                            Uzoma N. Nkwonta* (DC 975323)
Amanda G. Orcutt (Ark. 2019102)                        Christopher D. Dodge* (DC 90011587)
Steven Shults (Ark. 78139)                             Omeed Alerasool* (DC 90006578)
200 West Capitol Ave., Suite 1600                      Julie Zuckerbrod* (DC 1781133)
Little Rock, AR 72201                                  250 Massachusetts Ave. NW, Suite 400
T: (501) 375-2301                                      Washington, DC 20001
F: (501) 375-6861                                      T: (202) 968-4490
pshults@shultslaw.com                                  F: (202) 968-4498
aorcutt@shultslaw.com                                  unkwonta@elias.law
sshults@shultslaw.com                                  cdodge@elias.law
                                                       oalerasool@elias.law
                                                       jzuckerbrod@elias.law

                                                       *Admitted *pro hac vice*

                        *Attorneys for Plaintiffs*


                                                       Byron Freeland (Ark. Bar No. 72039)
                                                       Graham Talley (Ark. Bar No. 2015159)
                                                       **MITCHELL, WILLIAMS, SELIG,**
                                                       **GATES & WOODYARD, PLLC**
                                                       425 West Capitol Avenue, Suite 1800
                                                       Little Rock, Arkansas 72201
                                                       Phone: (501) 688-8800
                                                       Fax: (501) 688-8807
                                                       Email: bfreeland@mwlaw.com
                                                              gtalley@mwlaw.com

                        *Attorney for Defendants SBEC Commissioners*

7

BY: <u>Thomas N. Kieklak</u>
Thomas N. Kieklak, Ark. Bar No. 92262
Email: tkieklak@arkansaslaw.com
R. Justin Eichmann, Ark. Bar No. 2003145
Email: jeichmann@arkansaslaw.com
Susan Keller Kendall, Ark. Bar No. 98119
Email: skendall@arkansaslaw.com
**HARRINGTON, MILLER, KIEKLAK, EICHMANN & BROWN, P.A.**
4710 S. Thompson, Ste. 102
Springdale, Arkansas 72764
Phone: (479) 751-3715
Facsimile: (479) 751-3715

*Attorney for Defendant Benton County Clerk*


PULASKI COUNTY ATTORNEY'S OFFICE
201 South Broadway, Suite 400
Little Rock, Arkansas 72201
(Phone) 501-340-8285
(Fascimile) 501-340-8282
(Email) dlane@pulaskicounty.net

By: <u>Dominique Lane</u>
ADAM FOGLEMAN, Ark Bar # 2009234
Pulaski County Attorney
HAMILTON KEMP, Ark Bar # 2008283
Deputy Chief County Attorney
DOMINIQUE LANE, Ark. Bar # 2019177
Deputy County Attorney
JENNIFER LINK, Ark. Bar # 2017173
Deputy County Attorney

*Attorney for Defendant Pulaski County Clerk*

By: /s/ Brian R. Lester
    Brian R. Lester
    WASHINGTON COUNTY ATTORNEY
    Arkansas Bar No.: 2007036
    280 N. College Ave., Suite 500
    Fayetteville, AR 72701
    Telephone: (479) 444-1700
    Facsimile: (479) 445-6939
    blester@washingtoncountyar.gov

*Attorney for Defendant Washington County Clerk*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of August, 2024, with a copy of this document via the Court's CM/ECF system.

                         _/s/ Uzoma N. Nkwonta_
                         Uzoma N. Nkwonta