IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**GET LOUD ARKANSAS; VOTE.ORG;**
**NIKKI PASTOR; and TRINITY " BLAKE"**
**LOPER**                                                                                                       **PLAINTIFFS**

v.                              CASE NO.  5:24-CV-05121

**JOHN THURSTON; SHARON BROOKS;**
**JAMIE CLEMMER; BILENDA HARRIS-**
**RITTER; WILLIAM LUTHER;**
**JAMES HARMON SMITH, III; and JOHNATHAN**
**WILLIAMS, in their official capacities**
**as Commissioners of the Arkansas State**
**Board of Election Commissioners;**
**BETSY HARRELL, in her official capacity**
**as Benton County Clerk; BECKY LEWALLEN,**
**in her official capacity as Washington**
**County Clerk; and TERRI HOLLINGSWORTH,**
**in her official capacity as Pulaski**
**County Clerk**                                                  **DEFENDANTS**

## MINUTES FOR BENCH RULINGS

The Court's minutes shall reflect that on August 29, 2024, the Court heard argument on Plaintiffs' Motion for Preliminary Injunction (Doc. 46) and Motions to Dismiss the Benton and Pulaski County Clerks, respectively (Docs. 39 and 41). The Court stated a summary of its findings and from the Bench **GRANTED the Motion for Preliminary Injunction and DENIED the Motions to Dismiss**.

With regard to the Plaintiffs' Motion for Preliminary Injunction, the Court found: (1) the requirement that voter registration applications be signed with a handwritten "wet" signature, rather than an electronic or digital signature, likely violates the Materiality Provision of the Civil Rights Act of 1964; (2) that enforcement of the wet signature rule will irreparably harm Plaintiffs; and (3) that both the balance of equities and public interest favor granting preliminary relief.

The Court then **ORDERED** from the Bench that Defendants, (and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them) were **PRELIMINARILY ENJOINED** from enforcing the wet signature rule AND from rejecting or refusing to accept any voter registration application on the ground that it was signed with a digital or electronic signature.

The Court also granted Plaintiffs—to the extent they deem necessary for technical reasons—leave to file a supplemental pleading(s) to envelope within their claims the version of the wet signature rule that was formally approved by the Arkansas Legislative Council on August 23rd.  Any such supplemental pleading(s) must be filed by September 4th and the Defendants may file an amended response(s) by no later than September 6th.

The Court stated it will file a more fulsome memorandum opinion to further explain its findings and rulings by no later than September 10th, at which time the motions may be terminated.

Mr. Talley then orally moved for a stay of the Preliminary Injunction as Ordered from the Bench, which the Court Denied.

**J. Brooks.**