IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**GET LOUD ARKANSAS, et al.,**                                                                                    **PLAINTIFF**

v.                            CASE NO. 5:24-CV-05121-TLB

**JOHN THURSTON, et al.,**                                                                                         **DEFENDANTS**

## ANSWER

Defendants John Thurston, Sharon Brooks, Jamie Clemmer, Bilenda Harris-Ritter, William Luther, James Harmon Smith, III, and Johnathan Williams, in their official capacities as Commissioners of the State Board of Election Commissioners (collectively, the "SBEC"), submit this Answer to the Supplemental Complaint, *see* ECF No. 63, filed by Plaintiffs Get Loud Arkansas, Vote.org, Nikki Pastor, and Trinity "Blake" Loper (collectively, "Plaintiffs").

1. The SBEC admits Plaintiffs filed their original Complaint on June 5, 2024. The SBEC denies Plaintiffs are entitled to the relief requested in the original Complaint. The SBEC denies any remaining allegations in paragraph 1 of the Supplemental Complaint.

2. The SBEC admits it promulgated a permanent Rule Regarding Voter Registration pursuant to its constitutional authority and charge. The SBEC denies the remaining allegations in paragraph 2 of the Supplemental Complaint.

3. The SBEC admits the allegations in paragraph 3 of the Supplemental Complaint.

4. The SBEC admits the allegations in paragraph 4 of the Supplemental Complaint, though the referenced Rule Regarding Voter Registration became effective September 2, 2024.

5. Paragraph 5 of the Supplemental Complaint does not contain allegations which require a response from the SBEC.

6. The SBEC admits the allegations in paragraph 6 of the Supplemental Complaint.

7. The SBEC admits the allegations in paragraph 7 of the Supplemental Complaint.

8. The SBEC admits the allegations in paragraph 8 of the Supplemental Complaint.

9. The SBEC denies the allegations in paragraph 9 of the Supplemental Complaint.

10. The SBEC admits the allegations in paragraph 10 of the Supplemental Complaint.

11. The SBEC admits that the referenced letter includes the language quoted in paragraph 11 of the Supplemental Complaint. The SBEC denies the remaining allegations in paragraph 11 of the Supplemental Complaint.

12. The SBEC admits the referenced letter contains a discussion of public commentary, including public commentary opposed to the Rule Regarding Voter Registration. The SBEC denies any remaining allegations in paragraph 12 of the Supplemental Complaint.

13. The SBEC denies the allegations in paragraph 13 of the Supplemental Complaint.

14. The SBEC admits the allegations in paragraph 14 of the Supplemental Complaint.

15. The SBEC admits the allegations in paragraph 15 of the Supplemental Complaint.

16. The SBEC admits the allegations in paragraph 16 of the Supplemental Complaint, though the referenced Rule Regarding Voter Registration became effective September 2, 2024.

17. In response to paragraph 17 of the Supplemental Complaint, the SBEC incorporates by reference paragraphs 1 through 16 of this Answer.

18. In response to paragraph 18 of the Supplemental Complaint, the SBEC incorporates by reference paragraphs 22 through 91 of their original Answer.

19. The SBEC denies the allegations in paragraph 19 of the Supplemental Complaint.

20. The SBEC denies that Plaintiffs are entitled to any of the relief requested in the paragraph beginning with "WHEREFORE" at the conclusion of the Supplemental Complaint.

**AFFIRMATIVE DEFENSES**

1. The SBEC affirmatively states that the Supplemental Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The SBEC affirmatively states that the Rule Regarding Voter Registration does not violate the Materiality Provision codified at 52 U.S.C. § 1010(a)(2)(B).

3. The SBEC affirmatively states that one or more Plaintiffs lack article III standing.

4. The SBEC affirmatively states that Plaintiffs' claim is not ripe.

5. The SBEC affirmatively states that Plaintiffs' request to enjoin undefined future laws, regulations, or requirements does not present a "case" or "controversy" capable of redress in this Court.

6. The SBEC affirmatively states that Plaintiffs lack a private right of action to enforce the Materiality Provision codified at 52 U.S.C. § 1010(a)(2)(B).

7. The SBEC affirmatively states that Plaintiffs' claim is barred by the doctrine of sovereign immunity.

8. The SBEC affirmatively states that Plaintiffs have failed to join seventy-two of Arkansas's seventy-five county clerks, all of whom are indispensable parties to this action.

9. The SBEC reserves the right to amend this Answer and assert additional defenses as permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

Byron Freeland, Ark. Bar No. 72039
Graham Talley, Ark. Bar No. 2015159
**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8800
Fax: (501) 688-8807
Email: bfreeland@mwlaw.com
         gtalley@mwlaw.com