IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GET LOUD ARKANSAS; VOTE.ORG; NIKKI PASTOR;
and TRINITY BLAKE LOPER                                                    PLAINTIFFS

v.                            CASE NO. 5:24-CV-5121

JOHN THURSTON; SHARON BROOKS; JAMIE CLEMMER;
BILENDA HARRIS RITTER; WILLIAM LUTHER; JAMES HARMON
SMITH, III; and JOHNATHAN WILLIAMS, in their official capacities
as Commissioners of the Arkansas State Board of Election
Commissioners; BETSY HARRELL, in her official capacity as
Benton County Clerk; BECKY LEWALLEN, in her official capacity
as Washington County Clerk; and TERRI HOLLINGSWORTH,
in her official capacity as Pulaski County Clerk                           DEFENDANTS

**PHASE I**
**CASE MANAGEMENT ORDER**

After a review of the parties' Rule 26(f) Joint Report and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.    DISPOSITIVE MOTION HEARING**

The Court will hold hearing at which it will receive oral arguments on the dispositive motion(s) in this case on **MAY 16, 2025 at 9:00 AM** in the fifth-floor Courtroom. The Court will set a trial date following its ruling on summary judgment should any issues remain.

**2.    AMENDMENT OF PLEADINGS**

Leave to amend pleadings and/or to add or substitute parties shall be sought no later than **NOVEMBER 27, 2024.**

3.     **EXPERT DISCLOSURES**

The deadline to provide expert witness disclosures and written reports pursuant to Rule 26(a)(2) is **JANUARY 10, 2025**.  The deadline to provide disclosures and reports of rebuttal experts (*i.e.* whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **FEBRUARY 14, 2025**.

4.     **DISCOVERY**

The discovery deadline is **MARCH 14, 2025**.  The parties may conduct discovery beyond this date if all parties are in agreement to do so.  To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery.  That said, the Court will not resolve any disputes which may arise in the course of extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response.  Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances.  The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness.

5.     **MOTION DEADLINES**

(a)    **Summary Judgment.**  The deadline to file dispositive motions is **APRIL 18, 2025.**

(b)    ***Daubert.***  If applicable, *Daubert* and related expert disqualification motions should be filed no later than **APRIL 18, 2025**.

(c) **Discovery Motions**.  Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute.  In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules.  The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits).  A response to a discovery motion, with the same page limitations, should be promptly filed.

6. **MEMORANDUM BRIEFS**

Page limits for discovery motions and liminal motions are noted above. Memorandum briefs filed in support or in response to other types of motions must not exceed twenty-five (25) pages in length, without leave of court and for good cause shown. Over-length briefs filed without advance leave may be stricken *sua sponte*.  Reply briefs require leave of Court, except with respect to motions for summary judgment.  Reply briefs must not exceed seven (7) pages in length.

7. **DEADLINES**

The deadlines set forth above are firm.  Extensions and/or continuances will not be considered absent very compelling circumstances.

**IT IS SO ORDERED** this 25th day of September, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE